**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4342-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WENDELL FLEETWOOD,

    Defendant-Appellant.

_____

Submitted August 1, 2018 — Decided August 7, 2018

Before Judges Hoffman and Currier.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 06-04-1479.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Wendell Fleetwood appeals from the May 8, 2017 Law Division order denying his petition for post-conviction relief

(PCR), including his application to withdraw his guilty pleas, without an evidentiary hearing. We affirm because defendant's petition is time barred under Rule 3:22-12(a)(1), and otherwise lacks merit.

On August 10, 2005, defendant sold an undercover officer two bags of heroin for twenty dollars. After a short foot pursuit, officers arrested defendant; a search incident to his arrest revealed no other contraband. A grand jury indicted defendant for third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); third-degree possession with intent to distribute CDS, N.J.S.A. 2C:35-5(a)(1)/2C:35-5(b)(3); third-degree possession of CDS with intent to distribute within 1000 feet from a school, N.J.S.A. 2C:35-7; and second-degree certain locations, N.J.S.A. 2C:357.1/2C:35-5. His trial ended in a mistrial, and the court ultimately dismissed the indictment pursuant to a later plea agreement.

In a separate incident on February 17, 2006, an undercover officer witnessed defendant and another individual twice sell CDS. Officers arrested both men and discovered thirty-three zip lock bags containing heroin under a piece of wood where they had previously witnessed defendant retrieve several items. A grand jury indicted defendant on the same offenses as the previous indictment, and also on fourth-degree resisting arrest, N.J.S.A.

2C:29-2(a); and third-degree conspiracy/distribution of CDS N.J.S.A. 2C:5-2/2C:35-5(a)(1).

Lastly, on September 13, 2006, undercover officers witnessed several drug transactions and arrested defendant for allegedly directing buyers to the seller. An accusation charged defendant with third-degree possession with intent to distribute, N.J.S.A. 2C:35-5.

In October 2006, pursuant to a plea agreement, defendant pled guilty to two counts of third-degree possession of CDS with intent to distribute. In return, the State dismissed all remaining charges. At his plea hearing, defendant informed the court he understood his rights, entered his pleas voluntarily without threat or coercion, truthfully answered the plea form questions, and was satisfied with his plea counsel.

In December 2006, the court sentenced defendant to concurrent three-year prison terms on both counts pursuant to his plea agreement. Defendant did not file a direct appeal.

In October 2016, nearly ten years after his sentencing, defendant filed a petition for PCR and a motion to vacate his guilty pleas, alleging ineffective assistance of counsel. The court denied his petition without an evidentiary hearing on May 8, 2017, finding the petition procedurally barred and otherwise

without merit.  The court also denied defendant's motion to withdraw his guilty plea.

Defendant now appeals, raising the following arguments:

POINT ONE

THE PCR COURT ERRED BY DENYING MR. FLEETWOOD'S MOTION TO WITHDRAW HIS PLEA.

POINT TWO

MR. FLEETWOOD IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT THREE

THE PCR COURT ERRONEOUSLY RULED THAT MR. FLEETWOOD'S PETITION WAS TIME BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

I

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . ."  R. 3:22-12(a)(1)(A). To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to

file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

Under Rule 1:1-2(a), a court may disregard the time bar when the defendant demonstrates an injustice by a preponderance of the credible evidence. State v. Mitchell, 126 N.J. 565, 579 (1992) (citation omitted). However, courts only relax the time bar in extraordinary or exceptional circumstances, considering "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Id. at 580. "Absent compelling, extenuating circumstances, the burden of justifying a petition filed after the five-year period will increase with the extent of the delay." Ibid.

Defendant contends he demonstrated excusable neglect, and rigid enforcement of the time bar will result in a fundamental injustice. Specifically, he claims the trial court and plea counsel failed to advise him he could file a motion to withdraw his guilty plea or that he could file a PCR petition within five years of his conviction.

In the present case, defendant's sentencing hearing occurred in December 2006. He did not file his PCR petition until October 2016, almost ten years later, and well beyond the time bar. Moreover, the court and plea counsel had no obligation to advise

defendant of the PCR time limitations in 2006 or the ability to file a PCR petition or to withdraw a guilty plea. Defendant's ignorance of the law does not constitute excusable neglect. State v. Murray 162 N.J. 240, 246 (2000). Therefore, defendant failed to show his delay was due to excusable neglect.

## II

To establish a claim of ineffective assistance of counsel, defendants must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). Similarly, when a defendant claims ineffective assistance in connection with a guilty plea, he or she must show: "counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñéz-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). Counsel's performance is not deficient if "a defendant considering whether or not to plead guilty to an offense receives correct information concerning all of the relevant

material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012).

When a defendant raises a claim for ineffective assistance of counsel in support of PCR, the judge should grant an evidentiary hearing "if [the] defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992). To establish a prima facie claim, "defendant must allege specific facts and evidence supporting his allegations," and "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The defendant must also "demonstrate the reasonable likelihood of succeeding under" the two-prong Strickland test. Preciose, 129 N.J. at 463.

Applying these standards, we conclude defendant failed to demonstrate a prima facie showing of ineffective assistance of plea counsel. Defendant asserts his counsel failed to investigate his case adequately and pressured him to plead guilty; however, defendant fails to identify any exculpatory evidence his counsel could have uncovered upon further investigation. Defendant also argues he pled guilty due to the short retrial date, the prosecutor's bail motion, and the imminent birth of his child. Defendant provides no basis for attributing those reasons to his

counsel. In addition, if counsel did advise defendant to plead guilty, defendant failed to indicate that advice was outside the broad range of counsel's discretion. Moreover, defendant failed to show that but for counsel's errors, if any, he would not have pled guilty. Therefore, we affirm the PCR court's denial of defendant's PCR petition without an evidentiary hearing because defendant failed to make a prima facie showing of ineffective assistance of plea counsel.

III

In deciding defendant's motion to withdraw his guilty pleas, the PCR court addressed the four Slater factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." State v. Slater, 198 N.J. 145, 157-58 (2009). Because post-sentence motions to withdraw a plea must demonstrate that a "manifest injustice" occurred, "efforts to withdraw a plea after sentencing must be substantiated by strong, compelling reasons." Id. at 158, 160 (citing R. 3:2-1). "Following sentencing, if a defendant seeks to withdraw a guilty plea, the court weighs more heavily the State's interest in finality and applies a more

stringent standard." <u>Norman</u>, 405 N.J. Super. at 160 (citing <u>State v. McQuaid</u>, 147 N.J. 464, 487 (1997)).

In the present case, the record supports the PCR court's finding that defendant failed to satisfy the <u>Slater</u> factors. The judge properly evaluated the relevant facts to find no basis for a colorable claim of innocence, including defendant's voluntary guilty plea and defendant's failure to provide any evidence of innocence beyond his own statements. Defendant also failed to present a compelling reason for withdrawal.

Further, defendant entered into a generous plea bargain for two counts of possession with intent to distribute in the face of eleven charges spanning two indictments and an accusation. Withdrawal of defendant's guilty plea would result in unfair prejudice to the State given the significant length of time between defendant's plea and his request. Evidence in the case was largely testimonial and memories of witnesses most likely have faded. Accordingly, we affirm the PCR court's determination that defendant failed to meet the high burden of manifest injustice regarding his request to withdraw his guilty plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4342-16T3